IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WINSTON GANAS, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Civil Action No. |
| : | **7:04-CV-51** (RLH) |
| JO ANNE B. BARNHART, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

_____

**ORDER**

The plaintiff herein filed an application for disability, disability insurance benefits, and Supplemental Security Income benefits in February 2002. The applications were denied initially and upon reconsideration, and the plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on August 20, 2003. In a decision dated December 17, 2003, the ALJ denied plaintiff's claims. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims:  (1) whether the claimant is engaged in gainful employment;  (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months;  (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1;  (4) whether the impairments prevent claimant from returning to his previous work;  and (5) whether claimant is disabled in light of age, education,

and residual functional capacity.  <u>Ambers v. Heckler</u>, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience.  20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of blindness in the left eye, wedge deformity at T-11 (40% compression), and mild lumbar stenosis at L4-L5, but retained the residual functional capacity to perform a reduced range of light work limited to stand/walk for six hours; sit two hours; lift/carry twenty pounds occasionally and ten pounds of less frequently; occasionally bend, stoop, crouch, crawl, kneel and climb; no jobs requiring excellent bilateral vision; no work around dangerous moving machinery or around unprotected heights, and therefore could perform his past relevant work as a parts salesperson, appliance store laborer, warehouse supervisor and shipping/receiving clerk.

*Treating Physician*

Plaintiff states that the ALJ improperly discounted the opinion of plaintiff's treating physician. The Court of Appeals has held that good cause must be shown if the opinion of the treating physician is discounted; a non-examining physician's opinion is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.  See  <u>Broughton v. Heckler</u>, 776 F.2d 960 (11th Cir.1985).  "The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." <u>MacGregor v. Bowen</u>, 786 F.2d 1050, 1053 (11th Cir.1986).  Where the medical evidence does not conclusively counter the treating physician's opinion, and no other good cause is presented,

the treating physician's opinion cannot be discounted.  Scnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987).  Moreover, the ALJ cannot substitute his opinion for that of a medical expert. Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982).

However, a treating physician's opinion that a plaintiff is disabled or unable to work is not conclusive; the ALJ must make a disability determination based upon the medical findings and other evidence.  Bell v. Bowen, 796 F.2d 1350 (11th Cir. 1990).

The ALJ discussed Dr. Herrington's medical findings at length in the opinion, finding that Dr. Herrington's treatment notes do not demonstrate any significant abnormal findings, instead showing conservative treatment.  Dr. Herrington did state that plaintiff needed a caretaker for daily living matters (Tr. 165-168); however, the ALJ noted that plaintiff did not discuss the need for a caretaker at his hearing, and described activities of daily living that included driving a car on a daily basis, cutting his yard with a riding mower, washing dishes and vacuuming.  (Tr. 174, 196-98).

Plaintiff also asserts as error the failure to give the opinion of Dr. Smith, a consultative examiner, proper weight.  Again, the ALJ found that the conclusions reached by Dr. Smith were not supported by the record, including test results of plaintiff's pulmonary function that did not confirm the complaints of shortness of breath noted by Dr. Smith. (Tr. 112, 120).  An MRI showed only mild degenerative changes and mild stenosis in plaintiff's back. (Tr. 140).

The ALJ discussed at length his reasons for discounting the conclusions reached by Drs. Smith and Herrington.  The ALJ's determination that the conclusions were not entitled to great weight was based upon substantial evidence.

***Credibility/Pain Standard***

Plaintiff asserts that the ALJ improperly discounted his complaints of disabling pain and other symptoms.   Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part "pain standard" when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.  A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain.

20 C.F.R. S 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability.  Foote v. Chater, 67 F.3d 1553,1560-1561 (11th Cir. 1995).

A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability.  Holt v. Sullivan, supra at page 1223; Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility. "[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action.  When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision."  Caulder v. Bowen, 791 F.2d 872, 880 (11th Cir.1986).

The ALJ specifically addressed plaintiff's credibility, and found that the objective medical evidence did not confirm the severity of the alleged pain or other subjective symptoms.  In

5

support of this, the ALJ pointed to the history of conservative treatment, consisting off medication with no physical therapy or other alternative treatments.  Again, plaintiff's MRI showed only mild abnormalities.  The ALJ also discussed plaintiff's activities of daily living, above, in concluding that plaintiff's symptoms were not as severe as alleged.  The court may not reweigh the evidence, and consequently finds that the determination by the ALJ that plaintiff's symptoms were not as severe as alleged was based upon substantial evidence.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is ORDER of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405 (g).

**SO ORDERED**, this 19th of September, 2005.

//S Richard L. Hodge
RICHARD L. HODGE
msd                                   UNITED STATES MAGISTRATE JUDGE